FILED

2013 OCT 10  P 12: 36

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

BOARD OF TRUSTEES, )
SHEET METAL WORKERS' NATIONAL )
PENSION FUND, )
    8403 Arlington Boulevard, Suite 300 )
    Fairfax, VA  22031 )
     )
and )
     )
BOARD OF TRUSTEES, )
INTERNATIONAL TRAINING )
INSTITUTE FOR THE SHEET METAL )
AND AIR CONDITIONING INDUSTRY, )
    8403 Arlington Boulevard, Suite 300 )
    Fairfax, VA  22031 )
     )   Civil Action No. 1:13CV1269-LO/IDD
and )
     )
BOARD OF TRUSTEES, )
NATIONAL ENERGY MANAGEMENT )
INSTITUTE COMMITTEE, )
    8403 Arlington Boulevard, Suite 300 )
    Fairfax, VA  22031 )
     )
and )
     )
BOARD OF TRUSTEES, )
SHEET METAL OCCUPATIONAL )
HEALTH INSTITUTE TRUST FUND, )
    8403 Arlington Boulevard, Suite 300 )
    Fairfax, VA  22031 )
     )
              Plaintiffs, )
     )
     )
     )
     )

1

v. )
)
VALLEY STAINLESS, INC., )
    29884 East Enid Road )
    Eugene, OR 97402 )
)
Serve: Melody Means, Registered Agent )
    Valley Stainless, Inc. )
    29884 East Enid Road )
    Eugene, OR 97402 )
)
                  Defendant. )
_____)

## COMPLAINT

Plaintiffs, the separate and individual Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMI"), and the Sheet Metal Occupational Health Institute Trust Fund ("SMOHIT") (collectively referred to as the "Funds"), hereby complain of Valley Stainless, Inc. ("Defendant") as follows:

### Introduction

1. This action is brought under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. This action is also brought under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. The Funds seek a money judgment awarding delinquent fund contributions, accrued interest, liquidated damages, attorneys' fees, and costs now due and hereafter due through the date of judgment by Defendant to the Funds, pursuant to Sections 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1145, the collective bargaining agreement, the Trust Documents governing the Funds, and Section 301 of the LMRA.

## Jurisdiction and Venue

2. Jurisdiction and venue are conferred upon this Court by 29 U.S.C. § 1132 and by 29 U.S.C. § 185. Where an action is brought under Sections 502 and 515 of ERISA in a district court of the United States, it may be brought, at the plaintiff's discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2).

3. The funds for which Plaintiffs bring this action are administered in this district from their principal places of business in Fairfax, Virginia.

4. Venue is also properly laid in this district in that the breach of the collective bargaining agreement and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurs within this district as it is within this district that the relevant provisions of the collective bargaining agreements are required to be performed.

## Parties and Background

5. Plaintiffs, the respective Boards of Trustees, are "fiduciaries" with respect to the funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The NPF and ITI are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c), and "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). NEMI and SMOHIT are jointly-trusteed trust funds created and maintained pursuant to Section 302(c) of LMRA, 29 U.S.C. § 186(c).

6. At all times relevant to this action, Defendant was an employer within the meaning of 29 U.S.C. §152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12).

7. Upon information and belief, at all times relevant to this action, Defendant has been an Oregon corporation with its principal place of business at 29884 East Enid Road, Eugene, Oregon, 97402.

## Allegations in Support of Relief Sought

8. The Funds incorporate the foregoing paragraphs as if fully stated herein.

9. Defendant employs employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 16 ("Local Union No. 16"), a labor organization representing employees in an industry affecting interstate commerce.

10. Defendant is signatory to and bound by a collective bargaining agreement with the Local Union No. 16 ("Agreement").

11. By this Agreement and at all times pertinent to this action, Defendant is obligated to contribute to the Funds on behalf of Defendant's covered employees employed in any jurisdiction of the Sheet Metal Workers' International Association.

12. By this Agreement, Defendant is obligated to abide by the terms and conditions of the respective Trust Agreements establishing the Funds, including any amendments thereto ("Trust Documents"), and to submit monthly reports and payments to the Funds.

13. Payments due to the Funds are calculated on remittance reports required to be prepared monthly by each contributing employer.

14. Because contributing employers themselves calculate and prepare monthly remittance reports, the Funds must rely, in the first instance, upon the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed on behalf of their employees.

15. On these remittance reports, Defendant is required to report the amount of contributions due to the Funds on the basis of all hours worked by its covered employees.

16. Under the Agreement, completed remittance reports and accompanying payment are due to the Funds no later than the twentieth day after the end of each month for hours worked in that month and are delinquent if received thereafter.

17. Without the information contained in the remittance reports, the Funds cannot determine either the amount of the monthly contributions due to the Funds or the employees' eligibility for benefits.

18. Based on reports submitted by Defendant to the Funds, Defendant owes contributions in the amount of $2,476.70 for the months of July 2010, August 2010, December 2012 through March 2013, and May 2013.

19. For the months of July 2010, August 2010, December 2012 through March 2013, and May 2013, Defendant employed employees for whom monthly contributions were due but failed to make the required employer contributions, despite its obligation to do so under the Agreement, the Trust Documents, and Section 515 of ERISA, 29 U.S.C. § 1145.

20. Additionally, Defendant failed to make the required contributions to the Funds in a timely manner for the months of December 2009 through November 2012 and April 2013 on behalf of its employees, despite its obligation to do so under the Agreement, the Trust Documents, Section 515 of ERISA, 29 U.S.C. § 1145, and Sections 301 and 302 of LMRA.

21. The Trust Documents require the payment of late fees for all contributions not paid when due, equal to the greater of 10% of the delinquent contributions or $50.00.

22. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, the Agreement, the Trust Documents, and Section 301 of LMRA in addition to delinquent contributions and late fees, Defendant is liable to the Funds for interest on the delinquent contributions at the rate of 0.0233% per day, compounded daily; the greater of interest on the delinquent contributions at the above rate or liquidated damages equal to 20% of the delinquent contributions; and the attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs of this action.

**WHEREFORE,** the Funds request a judgment against Defendant for all amounts due to the Funds at the time this cause reaches judgment and other relief, to wit:

(a) Awarding to the Funds all of the sums due to the Funds under the terms of the Agreement, the Trust Documents, Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of LMRA, including delinquent contributions in the amount of at least $2,476.70; interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily, from the date due until the date paid or the date of judgment in the amount of at least $521.95; an amount equal to the greater of interest on the delinquent contributions calculated at the above rate or liquidated damages equal to 20% of the delinquent contributions in the amount of at least $521.95; late fees in the amount of at least $2,292.46; and the attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs of this action; and

(b) Granting the Funds such further and other relief as may be just and proper.

Dated: October 10, 2013

Respectfully submitted,

*[signature]*

Sarah G. Naji
VA Bar No. 72966
Attorney for Plaintiffs
Slevin & Hart, P.C.
1625 Massachusetts Avenue, Suite 450
Washington, DC 20036
Phone: (202) 797-8700
Fax: (202) 234-8231
snaji@slevinhart.com

20052240v1